OPINION
Defendant-appellant, Darrell Marcum, appeals his domestic violence conviction in the Hamilton Municipal Court. The conviction is affirmed.
Appellant's estranged wife, Wanda Marcum ("Marcum"), testified that appellant came to her apartment on August 2, 1999, around 1:30 a.m. He awakened her by tapping on her bedroom window and indicated that he had gifts for Marcum's young niece who lived with her. Marcum met appellant at the front door. Appellant pushed open the door and began berating Marcum. When he tried to strike her, Marcum ran into the hallway and appellant followed her. He hit her in the back of the head, knocking her into the door of a neighboring apartment. He then dragged her across the hall into the laundry room and struck her several times in the face. Before leaving, he dragged her back into the hallway and again pushed her into the neighbor's door.
Robert Brockmeyer, Marcum's neighbor, testified that he heard yelling in the hallway that went on for fifteen or twenty minutes. When he heard a loud bang against his door, he got up to investigate. He first looked out his peephole and saw both appellant and Marcum. Brockmeyer testified that when he opened the door, appellant pushed Marcum into him, and then left the building. Brockmeyer saw appellant drive away in a red Corvette. A life squad was called, and appellant was transported to a hospital where she was treated for her injuries. Photos admitted into evidence show Marcum with the skin bruised and blackened around her eyes.
Appellant was subsequently charged with domestic violence, a violation of R.C. 2919.25. He entered a plea of not guilty, and the matter proceeded to a bench trial on October 5, 1999.
At trial, appellant alleged that he was performing in a band at the Finish Line bar in Erlanger, Kentucky, along with his girlfriend, also a band member, at the time that the incident occurred. Appellant remembered this night in particular because it was the bar owner's birthday, and the band performed "Happy Birthday" around midnight. He testified that he was there until closing time, when he and his girlfriend left the bar in his mother's red Corvette. Five witnesses, including appellant's girlfriend, her ex-husband, another band member and two bar patrons, confirmed appellant's alibi, testifying that he was at the bar until closing time, between 2:00 and 2:30 a.m.
The trial court found that appellant's alibi was not credible and found appellant guilty of domestic violence. He was sentenced accordingly. Appellant appeals, raising a single assignment of error:[1]
 The trial court abused its discretion in finding the Appellant guilty of domestic violence because the weight of the evidence offered by the parties does not support a guilty finding.
 A reviewing court will not reverse a judgment in a bench trial as against the manifest weight of the evidence where the trial court could reasonably conclude from substantial evidence that the state proved the offense beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, 59. The standard for reversal for manifest weight of the evidence is summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In the instant case, although there is conflicting evidence in the record, we are not convinced that the trial court "clearly lost its way" in adopting the state's version of the events. A reasonable person could believe the version of the evening's events as testified to by the state's witnesses. Although appellant provided a greater quantity of witnesses to support his alibi than the state did to establish the victim's version of the events, the trial court was in the best position to judge the credibility of these witnesses and to determine the appropriate weight to be given each witness' testimony. The trial court found the state's witnesses to be more credible. Accordingly, the assignment of error is overruled.
VALEN, P.J., and POWELL, J., concur.
[1] The city of Hamilton has failed to file a brief in this matter.